OPINION OF THE COURT
Joseph Silverman, J.
The defendant moves to dismiss the charges against him on the grounds that his right to a speedy trial was violated because the case proceeded against him for more than 90 days based on an unsigned accusatory instrument.
The defendant was arraigned on December 4, 1992 on an *217 information charging him with the crimes of operating a motor vehicle while under the influence of alcohol and operating a motor vehicle while ability impaired by alcohol. The allegations were based upon the observations of the deponent who was the arresting officer. The instrument contained in the court papers, however, did not contain the signature of the deponent but this omission was not noticed by the parties.
The case was adjourned until December 23, 1992 for the prosecution to file a statement indicating the defendant refused a chemical test at the time of his arrest. On that date the necessary form was filed and the case was adjourned for motions. As the case proceeded towards trial time was chargeable to the prosecution.
On May 18, 1993 in the Trial Part, the court noted for the first time that the accusatory instrument was unsigned. The prosecution then filed a signed information which was in their file and had been subscribed by the deponent on December 4, 1992. The defense requested an adjournment to file this motion to dismiss.
The defendant argues that the entire period of time from December 4 until May 18 is chargeable to the People because the information was never signed and, therefore, the prosecution was never ready in accordance with CPL 30.30.
The prosecution’s position is that since the information was never signed the action against the defendant had never commenced and, therefore, no time should be charged to the People. Furthermore, they aver that the court should deem the criminal action commenced with the filing of the signed instrument on May 18.
The purpose of the right to a speedy trial is to protect an accused from “being ’exposed to the hazard of a trial, after so great a lapse of time’ that ’the means of proving his innocence may not be within his reach’ — as, for instance, by the loss of witnesses or the dulling of memory.” (People v Prosser, 309 NY 353, 356.) This right also promotes the societal interest in prompt disposition of criminal matters. (People v Johnson, 38 NY2d 271.)
The CPL provides a statutory right to speedy trial by requiring the People to be “ready” for trial within 90 days of the commencement of the criminal action. CPL 1.20 (17) defines a criminal action as commencing with “the filing of an accusatory instrument against a defendant in a criminal court”. An “accusatory instrument” is defined as a signed, *218 written accusation by a person alleging the commission of certain criminal offenses by the defendant. (CPL 1.20 [1].) Thus, in order for a criminal action to be commenced, the prosecution must file a signed accusatory instrument.
The facts of the case at bar are unique in that a signed accusatory instrument was not filed until almost five months after the arrest and arraignment of the defendant. The criminal action was commenced on the day this instrument was filed and, hence, the defendant’s CPL 30.30 rights became effective on that date. This result would have the anomalous effect of penalizing the defendant and giving the prosecution an undue benefit because they were derelict in filing a proper and signed accusatory instrument. To permit such a result would violate the statute’s spirit and purpose.
This court finds that under these particular facts and circumstances, the criminal action commenced with the filing of the unsigned accusatory instrument and calculates the chargeable time to the prosecution as of that date. The court views the filing of the signed instrument on May 18 as a superceding instrument.
Therefore, the court determines that the prosecution is charged with the period of time from the defendant’s arraignment on December 4 until December 23. All adjournments after that date are excludable time.
The motion to dismiss is, therefore, denied.